UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES LEE BAKER                                                                                         PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:24-cv-109-CWR-ASH

WARDEN UNKNOWN COLBERT, ET AL.                                                    DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Motion to Dismiss [27].[1] Pro se Plaintiff James Lee Baker filed a response to Defendants' motion, *see* Pl.'s Resp. [29] at 1–2, along with a memorandum of law in support of his motion, *see* Pl.'s Mem. [30] at 1–9. Having considered this matter, the undersigned recommends that Defendants' request for dismissal based on Fed. R. Civ. P. 12(b)(1) be denied but granted based on Fed. R. Civ. P. 12(b)(6), and that this case be dismissed with prejudice.

I.      BACKGROUND

Baker is a prisoner currently incarcerated at the Federal Correctional Institution (FCI) Yazoo in Yazoo City, Mississippi. Baker filed his Complaint on February 23, 2024. He sues defendants Warden Unknown Colbert, Dr. Unknown Chambers, A.W. Ping, Captain Unknown Brown, Assistant Warden Unknown Powell, Assistant Warden Unknown Patel, SIS Lt. Unknown Webb, SIS Technician C. Lofton, Unit Manager Unknown Staten, Unknown Boateng, Unknown Thompson, Lt. Unknown Newton, DHO Unknown Grider, and Operations Lt.

---

[1] Defendants' Memorandum in Support of their Motion to Dismiss [28] in footnote 1 states the title or position held by defendants, except Defendant Montgomery, who has been dismissed.

Unknown McCreany.[2] *Id*. Because Baker is a prisoner and was granted in forma pauperis (IFP) status, *see* Order [8], his Complaint is subject to the Prison Litigation Reform Act (PLRA).

Baker alleges in his Complaint [1] that he was sexually assaulted by Defendant Lofton on February 12, 2023. Compl. [1] at 4. Baker says this happened while he was submitting a urine sample. *Id*. Baker "repeatedly tried to report this incident to various staff members." *Id*. Then on April 24, 2023, Defendant Boateng intervened after Baker informed him that he was concerned about his safety after that incident. *Id*. Defendant Boateng then informed Defendants McCreany, Brown, Staten, and Ping. *Id*. at 4, [1-1] at 1. Baker complains that Defendant Boateng failed to comply with the Bureau of Prisons' (BOP) requirement to report such behavior against an inmate to the warden. Attach. [1-2] at 1. Baker argues the failure to inform the warden shows that "the staff" realized Baker's fear of retaliation. *Id*.

Baker claims that on April 30, 2023, he received Incident Report No. 3766081 for testing positive for marijuana from a urinalysis conducted on April 5, 2023. *Id*. at 2. Baker says this Incident Report was a "complete fabrication" and "was subsequently expunged." *Id*. Baker complains that this was done in retaliation by Defendant Lofton because Baker had reported the sexual assault. *Id*.

Then on September 12, 2023, Baker received Incident Report No. 3824883 issued by Defendant Lofton again testing positive for marijuana. *Id*. Baker told Defendants Lofton, Brown, Thompson, and Newton that Defendant Lofton issued that incident report in retaliation because Baker reported the sexual assault. *Id*. Baker also stated that he was concerned about his "safety and well being." *Id*. According to Baker, Defendants Lofton, Brown, Thompson, and Newton

---

[2]Baker also named Case Manager Montgomery as a defendant. Defendant Montgomery was dismissed by an Order entered on July 16, 2024. Order [12] at 1.

2

laughed and "shrugged their shoulders." *Id*. A disciplinary hearing was conducted and Defendant Grider—Disciplinary Hearing Officer—after considering Baker's statement that this incident report was issued in retaliation and the test result of the urinalysis, Baker was found guilty and was placed in segregation for fifteen days. *Id*. at 3–4. Baker further claims that Defendant Grider retaliated by recommending that Baker be reviewed for a transfer to a United States Penitentiary (USP). *Id.* at 4.

Baker has experienced back problems because "of this continuing experience" and claims that he has not received medical treatment after submitting "repeated sick call requests." *Id*. at 6.

As relief, Baker seeks monetary damages for $5,000,000.00 and that "various staff members" be fired "in order to prevent a cover up of this magnitude from happening at this institution again." Compl. [1] at 4.

II. ANALYSIS

    A. Subject Matter Jurisdiction

Defendants seek dismissal based on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Their challenge to subject matter jurisdiction, however, is conclusory. Rule 12(b)(1) is cited in the opening paragraph of their motion, but they fail to brief this issue. This is insufficient.[3] But because subject matter jurisdiction cannot be waived—indeed, the Court is duty-bound to address its own jurisdiction—the Court will consider it despite defendants' lack of briefing. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017). Further, "[w]hen a rule 12(b)(1) motion is filed with other Rule 12 motions, the court

---

[3] It is unclear from Defendants' brief why they assert Rule 12(b)(1) as a ground for dismissal in their motion. One thing is clear: Defendants' argument that Baker failed to exhaust cannot be the basis. "PLRA exhaustion is 'not jurisdictional . . . .'" *Perttu v. Richards*, 605 U.S. 460, 469 (2025) (quoting *Woodford v. Ngo*, 548 U.S. 81, 101 (2006)).

should consider the rule 12(b)(1) motion 'before addressing any attack on the merits.'" *D&G Holdings, L.L.C. v. Becerra*, 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). Baker, as the party asserting this Court's jurisdiction, bears the burden of demonstrating it exists. *See id*. Defendants' motion —although lacking any argument—is based on Baker's Complaint [1]. "Where the motion to dismiss is based on the complaint alone, the court must decide whether the allegations in the complaint sufficiently state a basis for subject matter jurisdiction." *Chilton v. Texas S. Univ.*, No. 4:24-CV-1646, 2024 WL 4282092, at *1 (S.D. Tex. Sept. 24, 2024) (citing *Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981)). Baker is proceeding pro se. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). A pro se litigant's pleadings are granted a "liberal construction." *Jones v. Baptist Cmty. Serv.*, No. 2:24-CV-144-Z, 2024 WL 4673932, at *2 (N.D. Tex. Nov. 4, 2024) (citing *Brown v. Tarrant Cnty.*, *Texas*, 985 F.3d 489, 494 (5th Cir. 2021); quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018)).

Baker filed his complaint on a form used by prisoners to sue under 42 U.S.C. § 1983. Comp. [1] at 1. The defendants are Warden Unknown Colbert, Dr. Unknown Chambers, A.W. Ping, Captain Unknown Brown, Assistant Warden Unknown Powell, Assistant Warden

4

Unknown Patel, SIS Lt. Unknown Webb, SIS Technician C. Lofton, Unit Manager Unknown Staten, Unknown Boateng, Unknown Thompson, Lt. Unknown Newton, DHO Unknown Grider, and Operations Lt. Unknown McCreany.[4] *Id*. at 1–3. The address for each defendant is United States Penitentiary (USP) Yazoo City, Yazoo City, Mississippi. And Baker's allegations all concern alleged assault and mistreatment by federal prison officials at his designated Federal Bureau of Prisons institution. Liberally construing Baker's complaint, the undersigned finds that the address for each defendant, when read in light of Baker's allegations, indicates where the incident occurred and the employers of the individually named defendants.

Because Baker asserts civil rights violations requesting monetary damages against defendants who are employees of USP Yazoo City, Baker's § 1983 complaint is liberally construed as a *Bivens* action. *See Hartman v. Moore,* 547 U.S. 250, 254 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under [ ] 42 U.S.C. § 1983."); *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A district court has subject matter jurisdiction over a *Bivens* action under 28 U.S.C. § 1331. *Rutledge v. United States*, 161 F.3d 7 (5th Cir. 1998). The undersigned concludes that this Court has subject matter jurisdiction and recommends that Defendants' request for dismissal on this ground be denied.

  B.  Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires a court to "accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Dudley v. United States*, No. 4:19-CV-317-O, 2020 WL 532338, at *3 (N.D.

---

[4] The Court dismissed Defendant Case Manager Unknown Montgomery on July 16, 2024. Order [12] at 1.

Tex. Feb. 3, 2020) (citations omitted). A motion under Rule 12(b)(6) is evaluated along with the pleading requirement under Federal Rule of Civil Procedure 8(a)(2). *Id*. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings." *Depute v. United States*, No. 3:24-CV-273-N-BW, 2024 WL 5379047, at *3 (N. D. Tex. Dec. 23, 2024) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)), *report and recommendation adopted*, 2025 WL 391735 (N.D. Tex. Feb. 4, 2025). "A court may consider the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Ross v. Sullivan*, No. 1:20-CV-351-HSO-BWR, 2022 WL 6884087, at *3 (S.D. Miss. Aug. 8, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 4131098 (S.D. Miss. Sept. 12, 2022).

  As earlier stated, Baker is proceeding pro se, and his complaint is liberally construed. Liberal construction of pro se pleadings however does not excuse a plaintiff from asserting in his complaint "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quotation marks and citation omitted).

  In support of their motion, Defendants argue that Baker has failed to exhaust his administrative remedies and that his case presents a new *Bivens* context that should not be allowed. Defs.' Mem. [28] at 1, 5. Baker addresses the failure to exhaust administrative remedies argument, but he fails to address the "new context" argument. Pl.'s Mem. [30] at 1–7. In their motion, Defendants rely on two declarations—one submitted by Michael FiggsGanter addressing the exhaustion of administrative remedies issue and the other by Dr. Anthony Chambers

addressing his employment as a medical doctor for the Federal Bureau of Prisons. FiggsGanter Decl. [27-1] at 1–9; Chambers Decl. [27-2] at 1.

"When a party presents 'matters outside the pleadings' with a Rule 12(b)(6) motion to dismiss or in response to a Rule 12(b)(6) motion to dismiss, a court has 'complete discretion' to either accept or exclude the evidence for purposes of determining the motion." *Vela v. Christian*, No. 3:20-CV-990-C (BH), 2021 WL 5701382, at *4 (N.D. Tex. Nov. 5, 2021) (citations omitted), *report and recommendation adopted*, 2021 WL 5632058 (N.D. Tex. Dec. 1, 2021). "If 'matters outside of the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,'" and "'[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Id*. (quoting Fed. R. Civ. P. 12(d)). Because FiggsGanter's declaration addressing the exhaustion of administrative remedies and Dr. Chambers's declaration addressing his employment as a medical doctor for the Federal Bureau of Prisons are matters outside the pleadings, the undersigned declines to consider them.

1. Defendants' Arguments

Defendants assert that Baker's claims should be dismissed because he failed to exhaust as required by the PLRA. Defs.' Mem. [28] at 2–4. They also argue that Baker's *Bivens* claims present a "new context" and should not be allowed. Defs.' Mem. [28] at 5. Finally, Defendants argue Dr. Chambers is entitled to immunity under the Public Health Service Act ("PHSA"). *Id.* at 7–8. Baker did not respond to the *Bivens* or PHSA arguments. Pl.'s Resp. [29] at 1–2; Pl.'s Mem. [30] at 1–9.

Starting with Defendants' first argument, "PLRA exhaustion is a standard affirmative defense." *Perttu*, 605 U.S. at 469. It "is not a 'pleading requirement,' which is why 'inmates are

7

not required to specially plead or demonstrate exhaustion in their complaints.'" *Id.* (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)). "While affirmative defenses, such as non-exhaustion, may be asserted on a 12(b)(6) motion, dismissal on that basis is appropriate only if the defense is evident on the face of the complaint." *Hamilton v. Promise Healthcare*, No. 23-30190, 2023 WL 6635076, at *3 (5th Cir. Oct. 12, 2023) (citing *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006)). It is not evident from the face of Baker's complaint that he has failed to exhaust. Further, the undersigned has declined to consider the affidavits Defendants attach. Defendants also do not argue that their motion to dismiss should be converted to one for summary judgment. Defendants' Rule 12(b)(6) motion is an insufficient basis to raise exhaustion. The undersigned recommends that their motion on those grounds be denied.

For similar reasons, Defendants' argument that Dr. Chambers is entitled to PHSA immunity also fails. It is not evident from the face of Baker's complaint that Dr. Chambers is an officer or employee of the Public Health Service. Defendants assert their argument solely on the basis of Dr. Chambers's declaration, but they offer no basis for consideration of materials outside the pleadings. Because the undersigned declines to convert Defendants' motion to one for summary judgment, the PHSA argument also should be denied.

Turning to *Bivens*, the Supreme Court recognized an implied cause of action against federal officers in their individual capacities involving a Fourth Amendment claim for unreasonable search and seizure. *Bivens*, 403 U.S. at 397. Since that decision, the Supreme Court has acknowledged a *Bivens* claim for only two other implied causes of actions. In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court recognized a *Bivens* claim for violations of the Fifth Amendment Due Process Clause for gender discrimination. Then in *Carlson v. Green*,

446 U.S. 14 (1980), the Supreme Court extended *Bivens* to a federal prisoner's Eighth Amendment claim for inadequate medical care resulting in the prisoner's death. Importantly, "a *Bivens* remedy is not available for all constitutional violations." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017).

As recent as June 30, 2025, the Supreme Court declined to extend *Bivens* to include an implied cause of action for damages based on an excessive use of force claim under the Eighth Amendment. *Goldey v. Fields*, 606 U.S. 942 (2025) (per curiam). The Supreme Court stated that it "has repeatedly emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Id*. at 944 (quoting *Egbert v. Boule*, 596 U.S. 482, 492 (2022)) (cleaned up). That said, the Supreme Court once again applied a two-step test to determine whether a *Bivens* claim may proceed. *Id.*

First, the court asks "whether the case presents 'a new *Bivens* context'—that is, whether the case 'is different in a meaningful way' from the cases in which this Court has recognized a *Bivens* remedy." *Id.* (citations omitted). Second, if it is a new context, then the court "ask[s] whether there are 'special factors' indicating that 'the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (quotation omitted) (cleaned up).

Applying the two-step test, Baker's allegations that (1) he was sexually assaulted by Defendant Lofton—an excessive use of force claim, (2) he was retaliated against for reporting the sexual assault, and (3) he was denied medical care for his back pain are different in "meaningful ways" from the issues in the three cases recognizing a *Bivens* implied cause of action and is clearly a new context for purposes of *Bivens*. *See Goldey*, 606 U.S. at 944 (declining to extend *Bivens* cause of action for excessive use of force in violation of the Eighth

9

Amendment); *see also Butler v. S. Porter*, 999 F.3d 287, 294 (5th Cir. 2021) (affirming the district court determining that retaliation claims are a new context under *Bivens*); *Sloan v. Ratliff*, No. 3:21-CV-2663-S-BK, 2022 WL 18814742, at *3 (N.D. Tex. Dec. 4, 2022) (finding plaintiff's claims for denial of medical treatment for his neck, back, right hip, long COVID symptoms, and PTSD were "'measurably less serious than that in *Carlson*'" in type and severity "and thus they present a new *Bivens* context" (citation omitted)), *report and recommendation adopted*, 2023 WL 2144156 (N.D. Tex. Feb. 21, 2023).

Because Baker's claims arise in a new context, the next step is to determine "whether there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Goldey*, at 944 (quotations omitted) (cleaned up). There are two "special factors" that counsel against extending *Bivens* here. One is that "Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages." *Id.* (citing *Ziglar v. Abbasi*, 582 U.S. 120, 148–49 (2017)). That includes "Congress specifically address[ing] the issue of sexual assaults in prison when it passed the Prison Rape Elimination Act in 2003." *Dudley*, 2020 WL 532338, at *7 (citing 34 U.S.C. §§ 30301 to -09). The Prison Rape Elimination Act (PREA) however does not create a private cause of action. *Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015) (observing "other courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape" and affirming dismissal of prisoner's claim under PREA as frivolous). "Congress had the opportunity to create a privately-enforceable damages remedy against federal officials for claims relating to prison rape, but declined to do so. This Congressional inaction further counsels against judicial creation of such a remedy that the legislature has not seen fit to create." *Dudley*, 2020 WL

532338, at *7. The Fifth Circuit has further concluded that "[w]hether and to what extent *Bivens* extends" to a prisoner's Eighth Amendment condition-of-confinement claim "is an issue best left for Congress to address." *Springer v. United States*, No. 21-11248, 2022 WL 2208516, at *1 (5th Cir. June 21, 2022).

The other special factor is whether "there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Egbert*, 596 U.S. at 493. "The existence of such alternative remedial procedures counsels against allowing *Bivens* suits even if such procedures are not as effective as an individual damages remedy." *Goldey*, 606 U.S. at 944–45 (quoting *Egbert*, 596 U.S. at 498) (cleaned up). "[T]he alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would." *Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (rejecting argument that the Federal Tort Claims Act provided an insufficient alternative remedy because "Congress did not make individual officers statutorily liable for excessive-force claims"; "This 'silence of Congress is relevant' to the special-factors inquiry.").

The existence of the BOP's administrative remedy program, *see* 28 C.F.R. § 542.10(a), demonstrates that there is an alternative remedial structure in place. That alone counsels against the extension of *Bivens* here. *See Watkin v. Carter*, No. 20-40234, 2021 WL 4533206, at *2 (5th Cir. Oct. 4, 2021) (recognizing that an alternative method of relief for a *Bivens* action is the BOP's Administrative Remedy Program). Also, under the Federal Tort Claims Act, a federal prisoner may sue for injuries received during incarceration.[5] *Id*. (citations omitted).

---

[5] *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1) (providing that a person may pursue tort claims that arise from the negligent or wrongful acts or omissions of federal employees in the course of their employment).

Baker's claims that he was sexually assaulted, retaliated against for reporting the sexual assault, and denied medical care for his back pain involve a new *Bivens* context. *See Hernandez v. Causey*, 124 F.4th 325, 333 (5th Cir. 2024) ("Outside of these three narrowly defined categories" in *Bivens*, *Davis*, and *Carlson*, "[v]irtually everything else is a 'new context.'" (quoting *Oliva*, 973 F.3d at 442)). And because special factors counsel against the extension of *Bivens* here, Baker does not have a viable cause of action under *Bivens*. The undersigned therefore recommends that the Court grant Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for these claims and that these claims be dismissed with prejudice. *See, e.g.*, *Canada v. United States*, 950 F.3d 299, 302, 312 (5th Cir. 2020) (affirming a dismissal with prejudice where there was no cause of action under *Bivens*).

        2.        Sua Sponte Dismissal of *Bivens* Claims for Failure to Investigate and Follow Program Statement

As for Baker's claims that defendants failed to investigate his sexual assault claim as well as his claim that Defendant Boateng failed to follow the BOP Program Statement requiring that the incident be reported to the warden, the "new context" analysis is unnecessary because these claims do not rise to a level of constitutional deprivation. "A prisoner is not constitutionally entitled 'to an adequate grievance investigation.'" *Koh v. Kane*, No. 5:17-CV-206-BQ, 2018 WL 10075492, at *4 (N.D. Tex. Jan. 17, 2018) (quotations omitted). Simply put, a prisoner's claim that his grievances were not "adequately investigated" does not state a plausible constitutional violation. *Id.* Also, the "failure to follow BOP policies and procedures as set forth in various program statements does not, in and of itself, state a constitutional violation." *Mickle v. O'Connell*, No. 1:22-CV-2498 SEC P, 2023 WL 2534511, at *5 (W.D. La. Feb. 27, 2023), *report and recommendation adopted*, 2023 WL 2527969 (W.D. La. Mar. 15, 2023). Baker's claims that his grievance was not investigated and that Defendant Boateng failed to follow the

BOP Program Statement do not rise to a constitutional violation to state an arguable *Bivens* cause of action and are meritless. The undersigned therefore recommends that the Court dismiss Baker's failure to investigate and failure to follow procedure claims with prejudice as frivolous and because he has failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). *See Keys v. United States*, No. 3:17-CV-2940-N-BH, 2020 WL 2753143, at *7 (N.D. Tex. Apr. 20, 2020) (finding that "*Bivens* claims based on alleged violations of BOP policies, procedures, or regulations are" without merit and dismissing claims with prejudice as frivolous and for failure to state a claim) (citations omitted), *report and recommendation adopted*, 2020 WL 2745604 (N.D. Tex. May 27, 2020).

III.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that

(1) Defendants' Motion to Dismiss [27] based on Fed. R. Civ. P. 12(b)(1) be denied;

(2) Defendants' Motion to Dismiss [27] based on Fed. R. Civ. P. 12(b)(6) be denied on the issues of exhaustion and PHSA immunity, but that it be granted for Baker's failure to state a *Bivens* cause of action based on his claims of sexual assault, retaliation for reporting the sexual assault, and denial of medical care for his back pain and these claims be dismissed with prejudice; and

(3) Baker's only remaining claims that Defendants failed to investigate his sexual assault claim and that Defendant Boateng failed to follow the BOP Program Statement be dismissed sua sponte with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

IV.   NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[6] to the United States District Judge, the

---

[6] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

      RESPECTFULLY SUBMITTED, this the 15th day of August, 2025.

      *s/ Andrew S. Harris*
      UNITED STATES MAGISTRATE JUDGE