**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JAMES LEE BAKER**,

*Plaintiff*,

*v.*

**WARDEN UNKNOWN COLBERT,** ***et al.***,

*Defendants*.

CAUSE NO. 3:24-CV-109-CWR-ASH

**ORDER**

This matter comes pursuant to the Report and Recommendation of the United States Magistrate Judge. Docket No. 35. Plaintiff James Lee Baker filed an Objection to the Magistrate Judge's recommendations. Docket No. 47. For the reasons discussed below, the Court overrules Mr. Baker's objections and adopts the Report and Recommendation.

## I. Factual and Procedural History

On February 23, 2024, *pro se* Plaintiff Mr. Baker[1] filed a complaint against Warden Unknown Colbert, Dr. Unknown Chambers, A.W. Ping, Captain Unknown Brown, Assistant Warden Unknown Powell, Assistant Warden Unknown Patel, SIS Lt. Unknown Webb, SIS Technician C. Lofton, Unit Manager Unknown Staten, Unknown Boateng, Unknown Thompson, Lt. Unknown Newton, DHO Unknown Grider, and Operations Lt. Unknown McCreany (collectively, the "Defendants").[2] Docket No. 1. Mr. Baker alleges that he was

[1] Mr. Baker is an inmate at the Federal Correctional Institution (FCI) Yazoo in Yazoo City, Mississippi. He was incarcerated at FCI Yazoo at the time of the alleged incident.

[2] Mr. Baker also sued Case Manager Unknown Montgomery, but Defendant Montgomery was dismissed from this lawsuit. Docket No. 12 at 1. The full names and titles of all the present Defendants are listed in Defendants' Memorandum in Support of their Motion to Dismiss. Docket No. 28 at 1 n.1.

sexually assaulted by Defendant Lofton during a urinalysis that was conducted at FCI Yazoo on February 12, 2023. He states that he attempted to "report this incident to various staff members." *Id*. at 4. According to Mr. Baker, Defendant Boateng intervened on April 24, 2023. "At that time, [Mr. Baker] expressed concern for [his] safety from the staff at this institution." *Id*. Dr. Boateng, then, informed staff members about Mr. Baker's alleged incident. But Mr. Baker claims that the Bureau of Prison's procedure for investigating sexual assault allegations and policy of notifying the Warden were not followed. Docket No. 1-2 at 1.

On April 30, 2023, Mr. Baker received an incident report for purportedly testing positive for marijuana on April 5, 2023. *Id*. at 1-2. He denies this allegation and asserts that this was retaliation for his report of sexual assault. Mr. Baker received another incident report for marijuana use on September 12, 2023—which he also denies and suggests was further evidence of retaliation. *Id*. at 2-3. Mr. Baker went in front of a Disciplinary Hearing Officer ("DHO") on September 21, 2023. He "pleaded not guilty," reiterated that this "was another attempt at retaliation," and further expressed concern for his safety. *Id*. at 3. The DHO ruled against Mr. Baker and sanctioned him. *See* Docket No. 1-6 at 2-3. Mr. Baker served 15 days in segregation, during which he went on a hunger strike. Docket No. 1-2 at 4. While placed in segregation, Mr. Baker continuously repeated his concerns of retaliation to staff members. Mr. Baker further claims that he "ha[s] significant back problems as a result of this continuing experience, without any treatment from Dr. Chambers or medical staff, even after repeated sick call requests[.]" *Id*. at 6.

Mr. Baker seeks four forms of relief: 1) proper medical treatment for his back problems; 2) criminal charges filed against Defendant Lofton; 3) $5,000,000 for his pain and

suffering; and 4) the firing of staff members "in order to prevent a cover up of this magnitude from happening at this institution again." Docket No. 1 at 4.

On November 27, 2024, Defendants collectively filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). Docket No 27. Defendants argue that (1) the Court lacks subject matter jurisdiction; (2) Mr. Baker failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"); (3) Mr. Baker failed to state a *Bivens* claim; and (4) Mr. Baker's claim against Dr. Chambers should be dismissed under the Public Health Service Act ("PHSA"). Mr. Baker filed a response. Docket No. 29. Magistrate Judge Harris issued a Report and Recommendation on August 15, 2025, recommending denying Defendants' motion under Rule 12(b)(1) but granting the motion with prejudice under Rule 12(b)(6). Docket No. 35. Mr. Baker filed an Objection on March 19, 2026.[3] Docket No. 47. Defendants, then, responded to Mr. Baker's objections. Docket No. 49.

## II. Legal Standards

The legal standards applicable to the present case are those which guide the Court with respect to (A) the Magistrate Judge's Report and Recommendation and Objections to findings therein; (B) the Rule 12(b)(1) motion to dismiss; and (C) the Rule 12(b)(6) motion to dismiss. Those recommendations without objections are embraced by the standard governing the Report and Recommendation.

[3] Objections to the Magistrate Judge's Report and Recommendation were initially due August 29, 2025. But the Court ultimately extended the deadline until March 16, 2026. *See* Docket Nos. 40, 45. Mr. Baker's Objection is timely. *See* Docket No. 47-2 (listing the date FCI Yazoo processed Mr. Baker's Objection).

**A. Report and Recommendation**

"Where a party objects to a magistrate judge's proposed findings and recommendations, the Court is required to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Shelby v. Cain*, No. 1:21-CV-406-HSO-RPM, 2023 WL 2563229, at *3 (S.D. Miss. Mar. 17, 2023) (quoting 28 U.S.C. § 636(b)(1)) (other citations omitted). "Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record." *Gillett v. Hall*, No. 2:19-CV-44-TBM-MTP, 2022 WL 602192, at *3 (S.D. Miss. Feb. 28, 2022) (citation omitted). Frivolous, conclusive, or general objections need not be considered. *Id*. (citation omitted). Nor must the Court weigh de novo those objections which "merely reurg[e] the allegations in the petition or attack[] the underlying conviction[.]" *Id.* (cleaned up) (quoting *Johansson v. King*, No. 5:14-CV-96-DCB-MTP, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015)).

**B. Rule 12(b)(1)**

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville*, 478 F. App'x 860, 860 (5th Cir. 2012) (per curiam) (footnote omitted). Federal Rule of Civil Procedure 12(b)(1) permits parties to seek dismissal of lawsuits for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). It is a way to argue that the court lacks the "very power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citation omitted).

When considering a jurisdictional challenge under Rule 12(b)(1), the Court "may find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quotation marks and citation omitted). The party asserting subject matter jurisdiction bears the burden of proof. *Id*. (citation omitted). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) (citation omitted).

**C. Rule 12(b)(6)**

The Magistrate Judge recommends granting Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). As it relates to the requirement of true and sufficient factual matter, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 677-78 (quotation marks and citation omitted). Similarly, the plaintiff's claims must be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citation omitted). The Court must accept "all well-pled facts as true," but it need not accept "threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (citations omitted).

## III. Discussion

Mr. Baker objects to the Magistrate Judge's recommendations that: (A) Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) be denied; (B) Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) be denied based on exhaustion and the Public Health Service Act ("PHSA") but granted for failure to state a *Bivens* claim; and (C) Mr. Baker's remaining claims regarding Defendants' failure to investigate his sexual assault and Defendant Boateng's failure to follow the BOP Program Statement be dismissed with prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Court now considers these objections in the order listed above.

### A. Rule 12(b)(1)

Mr. Baker objects to the Magistrate Judge's recommendation to deny Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).[4] *See* Docket No. 47 at 5 ("I object to the Magistrate Court's erroneous review and recommendation concerning the Government's 12(b)(1) motion.") (cleaned up); *see id.* at 16 (objecting generally to the Magistrate Judge's recommendations). But Mr. Baker appears to misinterpret the Magistrate Judge's recommendation on this front. The Magistrate Judge recommends that the Court *not* grant dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction since the Court has federal question jurisdiction under *Bivens*. This recommendation favors Mr. Baker, yet he

[4] In Response to Mr. Baker's Objection, Defendants argue that the Magistrate Judge erred in construing Defendant Dr. Chambers' motion to dismiss based on the Public Health Service Act as arising under Rule 12(b)(6) as opposed to under Rule 12(b)(1). Docket No. 49 at 2 n.2. But Magistrate Judge Harris did not err in construing Defendant Dr. Chambers' motion to dismiss under Rule 12(b)(6). *See Glenewinkel v. Carvajal*, No. 3:21-CV-2524-E (BT), 2023 WL 8095536, at *2 (N.D. Tex. Oct. 18, 2023), *report and recommendation adopted sub nom. Glenewinkel v. M.D. Carvajal*, No. 3:21-CV-2524-E (BT), 2023 WL 7311192 (N.D. Tex. Nov. 6, 2023) ("Because it does not affect this Court's subject-matter jurisdiction, [Defendant's] absolute immunity defense [as a PHS Officer] is appropriately analyzed under Fed. R. Civ. P. 12(b)(6).") (cleaned up) (citation omitted).

nonetheless objects to the Magistrate Judge's construal of his complaint as arising under *Bivens*. He argues that his claims arise under 18 U.S.C. § 1983. *See* Docket No. 47 at 1-3, 15-16. For the reasons discussed below, Mr. Baker is incorrect—his claims arise under *Bivens*, which gives the Court subject matter jurisdiction.

Because Mr. Baker objected to the Magistrate Judge's recommendation on Rule 12(b)(1) and because subject matter jurisdiction cannot be waived, the Court conducts its own Rule 12(b)(1) analysis. *See Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

Mr. Baker used the standard form that incarcerated individuals fill out to file a complaint under 42 U.S.C. § 1983. *See* Docket No. 1. "Section 1983 imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws." *Turnage v. Britton*, 661 F. Supp. 3d 628, 631 (S.D. Miss. 2023), *aff'd sub nom. Turnage v. Mississippi Power Co.*, No. 23-60154, 2023 WL 8643632 (5th Cir. Dec. 14, 2023) (quotation marks and citation omitted). Here, Mr. Baker alleges that his constitutional rights were violated by several employees of FCI Yazoo. *See* Docket No. 1 at 2-3 (listing the address for each of the Defendants as "USP Yazoo City"). This strongly supports the fact that Defendants are federal employees, rather than state employees. Mr. Baker's allegations also stem from his incarceration at FCI Yazoo, which is a federal prison. Taken altogether, the Court agrees with the Magistrate Judge's conclusion that Defendants are federal employees. *See* Docket No. 35 at 4-5.

Since Defendants are federal employees, Mr. Baker's § 1983 claims are improper.[5] But his allegations may be construed as *Bivens* claims. *See Bivens v. Six Unknown Named Agents,*

[5] *See Hernandez v. Causey*, No. 2:17-CV-123-TBM-MTP, 2024 WL 5200178, at *9 (S.D. Miss. Feb. 14, 2024), *certificate of appealability granted*, No. 2:17-CV-123-TBM-MTP, 2024 WL 1075483 (S.D. Miss. Mar. 12,

403 U.S. 388 (1971) (unconstitutional conduct by federal agents gives rise to a cause of action for damages); *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.") (citations omitted). Mr. Baker alleges that Defendants, who are federal employees, violated his constitutional rights and he seeks monetary damages. These are *Bivens* claims. Though Mr. Baker did not file his complaint under *Bivens*, "[w]hen a party is proceeding *pro se*, their filings are to be 'liberally construed.'" *Giarratana v. ClearCompany*, No. 3:25-CV-1-CWR-LGI, 2026 WL 868765, at *1 (S.D. Miss. Mar. 30, 2026) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Thus, the Court construes Mr. Baker's complaint as a suit under *Bivens* since he is proceeding *pro se*. *See id.* ("A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted).

28 U.S.C. § 1331 "provides a district court with subject matter jurisdiction over *Bivens* claims." *Rutledge v. United States*, 161 F.3d 7, No. 97-20111, 1998 WL 723812, at *1 (5th Cir. Oct. 2, 1998) (cleaned up). The Court has subject matter jurisdiction over Mr. Baker's claims, and thus the Court adopts Judge Harris's recommendation that Defendants' request for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction be denied. Mr. Baker's objection on these grounds is overruled.

---

2024), and *aff'd*, 124 F.4th 325 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1930 (2025) ("Because Section 1983 'only provides redress for actions taken under color of state law,' it is well established that Section 1983 does not apply to 'actions [ ] taken pursuant to federal law by federal agents.'") (alteration in original) (quoting *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir. 1983)).

**B. Rule 12(b)(6)**

1. PLRA Exhaustion

The Magistrate Judge recommends denying Defendants' Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies under the PLRA. *See* Docket No. 35 at 7-8. Failure to exhaust is an affirmative defense. *Perttu v. Richards*, 605 U.S. 460, 469 (2025). "[A]ffirmative defenses, such as non-exhaustion, may be asserted on a 12(b)(6) motion, [but] dismissal on that basis is appropriate only if the defense is evident on the face of the complaint." *Hamilton v. Promise Healthcare*, No. 23-30190, 2023 WL 6635076, at *3 (5th Cir. Oct. 12, 2023) (citation omitted). The Magistrate Judge correctly noted that "[i]t is not evident from the face of Baker's complaint that he has failed to exhaust." Docket No. 35 at 8. The Magistrate Judge also declined to consider Defendants' affidavits, which assert that Mr. Baker did not properly exhaust. Since the Defendants did not request converting their motion to dismiss into a motion for summary judgement, the Magistrate Judge determined that "Defendants' Rule 12(b)(6) motion is an insufficient basis to raise exhaustion." *Id*. He, thus, recommended denying Defendants' motion on these grounds. The Court agrees and adopts the Magistrate Judge's recommendation regarding non-exhaustion.

Mr. Baker objects to this recommendation. He argues that "[t]he Magistrate Court is wrong to decide this issue because under the Seventh Amendment, a jury must resolve the disputed facts of exhaustion that are intertwined with his substantive claim." Docket No. 47 at 8-9. But Magistrate Judge Harris did not consider the merits of Defendants' non-exhaustion affirmative defense. He explicitly "declined to consider the affidavits Defendants attach." Docket No. 35 at 8. Mr. Baker's objection is misplaced because the Magistrate Judge did not rule on the factual dispute regarding exhaustion. Mr. Baker's objection is overruled.

2. _Bivens_

The Magistrate Judge, as discussed above, construes Mr. Baker's claims as *Bivens* claims, and he recommends dismissing these claims since they impermissibly present a new context. *See generally id.* at 8-12; *Id.* at 12 ("Baker's claims that he was sexually assaulted, retaliated against for reporting the sexual assault, and denied medical care for his back pain involve a new *Bivens* context.") (citation omitted).

Mr. Baker objects to classifying his claims as *Bivens* claims, but the Court has already determined that they are *Bivens* claims. Mr. Baker also does not argue that his claims are permissible under *Bivens*. The Court agrees with the Magistrate Judge's analysis. Mr. Baker's claims fall outside *Bivens*' limited scope, so he fails to state a claim under *Bivens*. The Court adopts the Magistrate Judge's recommendation for granting Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim. Mr. Baker's objection is overruled.

3. PHSA Immunity

The Magistrate Judge recommends denying Defendants' Rule 12(b)(6) motion to dismiss on PHSA immunity grounds. *Id.* at 8, 13. Mr. Baker lodged a general objection to each of Judge Harris's recommendations. *See* Docket No. 47 at 16. He, however, offers no basis for objecting to the recommendation on PHSA immunity. This alone is grounds for overruling the objection. *Gillett*, 2022 WL 602192, at *3 ("The Court need not consider frivolous, conclusive, or general objections.") (citation omitted). The Court adopts the Magistrate Judge's recommendation on PHSA immunity. Mr. Baker's general objection to this recommendation is overruled.

**C. Remaining Claims under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii)**

The Magistrate Judge recommends dismissing Mr. Baker's remaining claims—failure to investigate and follow a BOP program statement—under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Magistrate Judge correctly noted that these claims are improper under *Bivens*. Docket No. 35 at 12 ("A prisoner is not constitutionally entitled 'to an adequate grievance investigation.'") (quoting *Koh v. Kane*, No. 5:17-CV-206-BQ, 2018 WL 10075492, at *4 (N.D. Tex. Jan. 17, 2018)); *Id.* ("[F]ailure to follow BOP policies and procedures as set forth in various program statements does not, in and of itself, state a constitutional violation.") (quoting *Mickle v. O'Connell*, No. 1:22-CV-02498 SEC P, 2023 WL 2534511, at *5 (W.D. La. Feb. 27, 2023), *report and recommendation adopted*, No. 1:22-CV-02498 SEC P, 2023 WL 2527969 (W.D. La. Mar. 15, 2023)).

Mr. Baker objects to this recommendation because he argues that these claims are part of his First Amendment claims, which he argues do not fall under *Bivens*. Docket No. 47 at 15. For the reasons discussed above, these are *Bivens* claims, but they fail to state a proper claim to relief. Mr. Baker's objection is overruled, and the Court adopts the Magistrate Judge's recommendation.

**IV. Conclusion**

Mr. Baker's objections are overruled. The Court adopts the Magistrate Judge's Report and Recommendation. Defendants' motion is denied as to lack of subject jurisdiction, PHSA immunity, and non-exhaustion, but Defendants' motion is granted for failure to state a claim under *Bivens*. A separate Final Judgment shall issue.

**SO ORDERED**, this the 19th day of August, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE