**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES LEE BAKER,**

*Plaintiff,*

*v.*

CAUSE NO. 3:24-CV-109-CWR-ASH

**WARDEN UNKNOWN COLBERT, *et al.*,**

*Defendants.*

**ORDER**

This matter came before the Court by way of a letter written by *pro se* and incarcerated Plaintiff James Lee Baker, which the Clerk docketed as a motion for leave to appeal *in forma pauperis*. Docket No. 50.

On February 12, 2026, the Court entered an Order granting Mr. Baker's motion for an extension of time to file objections to the Magistrate Judge's Report and Recommendation and denying as moot Mr. Baker's separate motion for court intervention. *See* Docket No. 45. On February 26, 2026, Mr. Baker timely filed a notice of appeal as to that Order. *See* Docket No. 46. On March 24, 2026, the Fifth Circuit notified Mr. Baker by letter that his appeal had been docketed. *See* Docket No. 48. In connection with that appeal, the Fifth Circuit also directed Mr. Baker to either pay the requisite filing fee or ask this Court for permission to appeal *in forma pauperis*. *Id.* at 1-2.

Any litigant seeking permission to proceed *in forma pauperis* on appeal "must file a motion in the district court" with an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and

costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The federal *in forma pauperis* statute, 28 U.S.C. § 1915, places more stringent requirements upon prisoners seeking *in forma pauperis* status. For example, those prisoners must also

> submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

*Id.* at § 1915(a)(2). To that end, the Fifth Circuit's March 24, 2026, letter instructed Mr. Baker to, if he wanted to proceed *in forma pauperis*, "contact the district court for specific instructions and any forms" and "prison authorities for instructions [on] how to get a 'certified trust fund account statement.'" Docket No. 48 at 1. It indicated that Mr. Baker was to send, among other things, a copy of that account statement to this Court. *Id.*

Mr. Baker's letter appears to principally respond to those directives. Addressing the Fifth Circuit's Clerk of Court, Mr. Baker explains that he has "tried repeatedly to fulfill" the Fifth Circuit's instructions but has been refused assistance by the staff at FCC Yazoo City. Docket No. 50 at 1. He notes that his access to his inmate trust accounts is totally restricted. *Id.* He asserts that he cannot obtain "a copy of the documents needed . . . because [his counselor] ignores [his] requests." *Id.* "[T]he staff," he continues, "won't even provide postage, paper, pens, [or] envelopes." *Id.* "Help me," he pleads. *Id.*

The Court will first address Mr. Baker's allegations regarding his access to his inmate trust account. Mr. Baker claims that his lack of access "demonstrat[es] the staff[']s animus," as he has not "received a disciplinary report" and, in his telling, the restrictions are not "DHO punishments." *Id.* But Mr. Baker earlier in this litigation accused the Bureau of Prisons of

improperly restricting access to his inmate trust account. *See* Docket No. 39. At that time, the Court directed the Warden to respond to Mr. Baker's allegations, Docket No. 40, and the Warden complied, *see* Docket No. 42. As relevant here, the Warden answered that Mr. Baker lost his commissary privileges because of disciplinary infractions. Docket No. 42. at 1. In support of that claim, the Warden attached a declaration from the Unit Manager at FCC Yazoo City, which attested that Mr. Baker had committed disciplinary infractions resulting in his loss of commissary privileges until November 27, 2026. *See* Docket No. 42-1 at 2. The Warden's filing also included Mr. Baker's chronological discipline record, which reflected the same infractions and related sanctions. *See* Attachment A, Docket No. 42-1 at 7. Other than maintaining that he is "in fact 'not' able to pay the so-called fine," Docket No. 50 at 1, Mr. Baker still has not clarified "whether he ha[s] taken steps to restore his commissary privileges," *see* Docket No. 45 at 2. The Court will therefore repeat itself: "Under BOP policy, the Bureau of Prisons is permitted to pause commissary privileges until a monetary fine is paid. Baker has outstanding fines, and thus, BOP is permitted to pause his access to commissary." Docket No. 45 at 2 (citation omitted).

The Court will next attend to Mr. Baker's charges as to postage. Mr. Baker contends that "the staff [at FCC Yazoo City] won't even provide postage, paper, pens, [or] envelopes." Docket No. 50 at 1. He says that he would "very much so [] like to highlight these things and other issues," but cannot because "the staff [] are preventing [him], literally actively preventing [him]," from doing so. *Id.* His "complaints," he declares, "have been falling on deaf ears." *Id.* He also attaches to his letter a declaration signed by another individual incarcerated at FCC Yazoo City which alleges that that individual provided Mr. Baker with "the postage for this correspondence" because Mr. Baker's "account is 100% restricted[] and

the BOP refuses to provide postage." *See* Docket No. 50-3. The Court reminds Defendants that they averred, by and through an Assistant United States Attorney in a filing before this Court, that Mr. Baker had been assured that he would "be provided sufficient postage to mail any legal filings to the Court." Docket No. 42 at 1. With that in mind, the Court will not at this juncture construe Mr. Baker's accusations as asserting a claim for denial of access to the courts. *Cf. Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (acknowledging "a right of access to the courts[] . . . founded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, and the Fifth and Fourteenth Amendment Due Process Clauses" and describing the "two forms" denial-of-access claims can take). The Court makes that choice without prejudice to any future such claim.

With that settled, the Court turns to Mr. Baker's request for leave to proceed *in forma pauperis* on appeal. Mr. Baker has not completed the appropriate application to proceed *in forma pauperis*. The Court appreciates that Mr. Baker has attempted to comply with the Fifth Circuit's instructions and obtain a copy of his certified trust fund account statement for sending to this Court. At this time, however, Mr. Baker need not obtain or send such a copy. Instead, consistent with Federal Rule of Appellate Procedure 24(a)(1), Mr. Baker will be required to complete and file the attached application for leave to proceed *in forma pauperis* on appeal. *See* Docket No. 55-1. Included with that application is an authorization for release of institutional account information and payment of the appeal filing fee, and a certificate concerning the balance of the applicant's accounts to be completed by an authorized officer. *See id.* at 7. As the certificate indicates, Plaintiff is required to have the appropriate prison official complete and certify that certificate. *Id.* Consistent with the federal *in forma pauperis*

statute, the Court will accept an adequately completed certificate as the "institutional equivalent" of Plaintiff's trust fund account statement. *See* 28 U.S.C. § 1915(a)(2).

Accordingly, it is hereby **ORDERED**:

1. That on or before November 23, 2026, Plaintiff shall complete and file the attached application for leave to proceed *in forma pauperis* on appeal, including the authorization for release of institutional account information and payment of the appeal filing fee and certificate to be completed by authorized officer, or pay the required appeal filing fee of $605.00.

2. The Clerk of Court shall mail the attached *in forma pauperis* application to Plaintiff at his last known address.

The Court warns Plaintiff that his failure to fully comply with this Order in a timely manner may result in the denial of *in forma pauperis* status or the dismissal of his appeal.

**SO ORDERED**, this the 27th day of October, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE